UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| EMIL SCHULTZ, AS TRUSTEE OF THE | CIVIL ACTION NO. 10-CV-00540 |
|---|---|
| M.A.C. LIVING TRUST U/T/D 1/15/91 | |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Before the Court is the United States of America's ("United States") Motion to Dismiss Counterclaim of Mardelle Anderson Claitor for Lack of Subject Matter Jurisdiction. (Record Document 35). After consideration of this motion and Mardelle Claitor's Memorandum in Opposition (Record Document 42), the United States' motion is **DENIED IN PART** and **GRANTED IN PART**.

## BACKGROUND

Emil Schultz ("Schultz"), acting as trustee of The M.A.C. Living Trust U/T/D 1/15/91 ("the Trust"), filed suit against the United States seeking to "quiet title to real or personal property on which the United States has or claims a mortgage or other lein." (Record Document 1 at 1). This complaint was filed on August 18, 2010. Paragraph Ten of the Complaint stated that the United States had no basis "to affect the property belonging to the Trust or Mardelle Claitor due to the fact that the tax liability for which the liens were filed is the separate tax liability of James Claitor." See id. at 3. On October 29, 2010, Schultz then amended her complaint. However, the above quoted portions remained the same. (Record Document 10). On December 15, 2010, the United States answered the complaint and brought several counterclaims. (Record Document 14). In its answer, the United States

denied that it had no basis to affect the property at issue. Specifically, the United States stated that it denied "that the 1989 income tax liability at issue is a separate debit of James D. Claitor." (Record Document 14 at 3). On April 6, 2011, Mardelle Claitor, among others, answered the United States' counterclaims and asserted multiple affirmative defenses. All of these defenses centered on the 1989 federal tax liability discussed by the United States in its original answer and alluded to in the original and amended complaints of Schultz. (Record Document 23 at 16-17). One of those defenses was that of "payment." Mardelle Claitor stated the United States had already seized $101,901.91 from her separate accounts. See id. at 17.[1] Finally, on January 12, 2012, Mardelle Claitor amended her answer to the United States' counterclaim to add a counterclaim for wrongful levy pursuant to 26 U.S.C. § 7426. (Record Document 34). The counterclaim is based on the United States issuing Notices of Levy to Schultz, as trustee. The entire crux of the counterclaim is that the United States had no basis to levy the separate property of Mardelle Claitor for the separate debts of James Claitor based on the 1989 federal tax liability.

## ANALYSIS

### Timeliness of Wrongful Levy Counterclaim

The United States filed this motion to dismiss Mardelle Claitor's counterclaim because the Court lacks subject matter jurisdiction. The United States' claim rests on the fact that the United States has only waived sovereign immunity for a wrongful levy claim brought within nine months of the levy in question. (Record Document 35 at 2). Mardelle Claitor opposes this motion, claiming that the counterclaim relates back to the filing of her April 6, 2011 Answer to the United States' Counterclaim. (Record Document 42 at 1). Both

---

[1] The United States claims the actual amount is 110,101.91. (Record Document 35 at 12). This discrepancy is immaterial to this Motion.

parties concede that if Mardelle Claitor's counterclaim does relate back to the April 6, 2011 pleading, then the counterclaim is timely. (Record Document 35 at 11).

26 U.S.C. § 7426(a)(1) states:

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

26 U.S.C. § 6532(c)(1) sets out that "no suit proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action." While there are exceptions to this rule, none are applicable here.

Mardelle Claitor's wrongful levy claims stems from a tax levy issued by the United States on July 9, 2010. Mardelle Claitor complied with the levy on August 2, 2010. (Record Document 35 at 10). Mardelle Claitor's counterclaim was filed January 12, 2012. This counterclaim was filed as an amendment to Mardelle Claitor's April 6, 2011 Answer to United States' Counterclaim. Clearly, this counterclaim, standing alone, is outside the nine month window to bring this wrongful levy action. The issue before the Court is if the January 12, 2012 amendment can relate back to the original April 6, 2011 pleading.

Federal Rules of Civil Procedure Rule 15(c)(1)(B) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when...the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." The party seeking to have an amendment to a pleading relate back to the original pleading bears the burden of proof in rebutting the

statue of limitations. Dodson v. Hillcrest Securities, 95 F.3d 52, (5th Cir. 1996). Therefore, the burden lies with Mardelle Claitor.

In addressing the rules regarding relating back, the Fifth Circuit has noted that "[t]he theory that animates this rule is that 'once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.' " F.D.I.C. v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994). "In the end though, the best touchstone for determining when an amended pleading relates back to the original pleading is the language of Rule 15(c): whether the claim asserted in the amended pleading arises 'out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' " See id. at 1386.

In the original complaint, Schultz set out that the United States had no basis to "to affect the property belonging to the Trust or Mardelle Claitor due to the fact that the tax liability for which the liens were filed is the separate tax liability of James Claitor." (Record Document 1 at 3). On April 6, 2011, Mardelle Claitor filed her answer to the United States' Counterclaim asserting four defenses that all arose out of her assertion that the 1989 federal tax liability only implicated James Claitor. On January 12, 2012, Mardelle Claitor sought to amend this answer to add a counterclaim on the basis that the United States wrongfully levied her separate property based on the aforementioned 1989 federal tax liability.

It is clear that the 1989 federal tax liability is a major aspect of this case. It has been at issue since the original complaint was filed. Further, in Mardelle Claitor's Answer to the

United States' Counterclaim, Mardelle provided four defenses exclusively based on the fact that her separate property could not be levied for satisfaction of the 1989 federal tax liability. The conduct, transaction, or occurrence set forth in the April 6, 2011 pleading is the 1989 federal tax liability and whether it is solely the liability of James Claitor. The January 12, 2012 counterclaim challenges the United States' ability to levy the separate property of Mardelle Claitor for the 1989 federal tax liability because Mardelle Claitor alleges it is solely the liability of James Claitor. Therefore, the conduct, transaction or occurrence of the April 6, 2011 pleading and the January 12, 2012 amendment are the same and relation back is appropriate under Federal Rules of Procedure rule 15.

**Anti-Injunction Act**

Mardelle Claitor also requests the Court to permanently enjoin the United States from collecting any funds or property of Claitor to satisfy the 1989 federal tax liability. (Record Document 34 at 5). The United States moves for this claim to be dismissed because the Court lacks subject matter jurisdiction due to the Anti-Injunction Act. Mardelle Claitor did not address this argument in her opposition.[2]

The Anti-Injunction act states that, unless an exception can be met, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421 (a). One of the exceptions that may be applicable here is found in 26 U.S.C § 7426 (b)(1), "If a levy or sale would irreparably injure rights in property which the court determines to be superior to rights of the United States in such

---

[2] In fact, Mardelle Claitor incorrectly asserts that "[t]he sole issue before the Court now is whether Mardelle Claitor's Counterclaim relates back to her April 6, 2011 Answer by virtue of Federal Rule of Civil Procedure 15(c)."

property, the court may grant an injunction to prohibit the enforcement of such levy or to prohibit such sale." The only mention of property actually surrendered to the United States is the $101,901.91 payment mentioned *supra*. Further, Mardelle Claitor has made no attempt to provide the court with someone who may have superior rights to the rights of the United States. As to the $101,901.91 payment, the injunction can only be granted if the levy would "irreparably injure" Mardelle Claitor's rights in the property. The current deprivation only amounts to a deprivation of money. If Mardelle Claitor prevails on her wrongful levy claim, she will receive a return of the funds, with interest. Therefore, her allegations do not amount to irreparable harm as set out in the relevant statute. Based on the allegations made in the counterclaim, the claim for a permanent injunction is barred by the Anti-Injunction act and this claim cannot survive this motion to dismiss.

## **CONCLUSION**

The counterclaim asserted by Mardelle Claitor on January 12, 2012 consists of the same conduct, transaction, or occurrence as the April 6, 2011 pleading that it amended. Therefore, the January 12, 2012 counterclaim relates back to the April 6, 2011 pleading and the Court does have proper subject matter jurisdiction over the wrongful levy claim. Further, The United States' Motion to Dismiss is appropriate as it concerns Mardelle Claitor's request for a permanent injunction and is dismissed as the claim is barred by the Anti-Injunction Act.

Accordingly,

**IT IS ORDERED** that the United States' Motion to Dismiss (Record Document 35) be and hereby is **DENIED** as it applies to the timeliness of Mardelle Claitor's January 12, 2012 counterclaim.

**IT IS FURTHER ORDERED** that the United States' Motion to Dismiss (Record Document 35) be and hereby is **GRANTED** as it applies to the permanent injunction requested in Mardelle Claitor's January 12, 2012 counterclaim.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana on this 2nd day of April, 2012.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE